David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Avenue, Suite 350
Henderson, Nevada 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Attorney for Plaintiff
*GRACE QUINN*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| GRACE QUINN, | : Civil Action No.: _____ |
| Plaintiff, | : |
| v. | : |
| NAVIENT, | : **COMPLAINT** |
| Defendant. | : |

For this Complaint, the Plaintiff, GRACE QUINN, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the harassment of Plaintiff by Defendant and its agents in their illegal efforts to collect a consumer debt and jurisdiction is therefore proper in this Court pursuant to 28 U.S.C. § 1331.

2. Further, Defendant negligently, knowingly, and/or willfully placed automated calls to Plaintiff's phone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA") thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

3. This action is also brought under Plaintiff's common law right to privacy and Defendant's intrusion into her seclusion.

4. Plaintiff alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

5. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) & (c), because Plaintiff resides within the District of Nevada, a substantial portion of the events or omissions giving rise to the claim occurred in this District, and Defendant regularly conducts business in this District.

## **<u>PARTIES</u>**

7. The Plaintiff, GRACE QUINN ("Plaintiff" or "Ms. Quinn"), is an adult individual residing in Las Vegas, Nevada.

8. Plaintiff is, and at all times mentioned herein was, a "person" as defined

by 47 U.S.C. § 153(39).

9. Defendant NAVIENT ("Navient"), is a student loan servicer and debt collector, offering post-default debt collection services on debts allegedly owed by consumers.

10. Plaintiff is informed and believes, and thereon alleges, that the alleged debts are regarding student loan debts, which is money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.  Because this alleged debt is for student loan debts, which are primarily for personal, family, or household purposes, this action arises out of a "debt" as that term is defined by 15 U.S.C. 1692a(5).

11. Defendant is and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (39).

12. Navient at all times acted by and through one or more of its debt collectors or other agents (the "Collectors").

## Navient Engages in Illegal Collection Tactics

13. Plaintiff's alleged debt to Defendant originated in or about October 2004 through an original creditor for a private student loan (the "Debt").

14. In 2010, Plaintiff ceased making payments on the Debt and defaulted on the Debt.

15. The Debt was thereafter transferred, sold, assigned or otherwise conveyed to Defendant for collection.

16. In 2014, Defendant contacted Plaintiff and informed her she owed payment on the Debt.  In addition to Plaintiff, Defendant also contacted Plaintiff's son, husband, and daughter (the last of whom were co-obligor's on the debt).

17. Subsequently, Defendant's numerous and harassing telephone calls to Plaintiff and Plaintiff's family continued despite repeated demands to cease contact.

18. Indeed, collection efforts continued well into one year prior to filing the instant complaint in September 2018 during which time the Debt was time barred from collection having been in default for more than six (6) years pursuant to NRS 11.1190(1).  The Debt had been in default an unpaid since at least 2010, yet Navient continued demanding payment on the Debt in 2017 and 2017, well after it was legally permitted to collected the Debt (notwithstanding Plaintiff's other efforts demanding that Navient cease collection).

19. This suit results.

### **Navient Violates the Telephone Consumer Protection Act Of 1991**

20. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

21. The TCPA regulates, among other things, the use of automated

telephone dialing systems.

22. 47 U.S.C. § 227(a)(1) defines an automatic telephone dialing system ("ATDS") as equipment having the capacity –

> (A)    to store or produce telephone numbers to be called, using a random or sequential number generator; and
>
> (B)    to dial such numbers.

23. Such calls are prohibited because automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls.

24. A caller may not limit the manner in which revocation of prior express consent to call may occur and that the burden is on the caller to prove it obtained the necessary prior express consent.

25. Further, consumers (like Plaintiff) may revoke consent through any reasonable means.

26. Nothing in the language of the TCPA or its legislative history supports the notion that Congress intended to override a consumer's common law right to revoke consent.

27. Indeed, some consumers may find unwanted intrusions by phone more offensive than home mailings because they can cost money and because, for many, their phone is with them at almost all times.

28. Consumers have a right to revoke consent, using any reasonable method including orally or in writing.

## Allegations Applicable To All Counts

29. Within the year prior to filing the instant complaint, Plaintiff received numerous calls from Defendant from at least the following phone numbers: 617-762-5965; 702-979-5770; 702-330-8910; and 877-550-1382

30. Upon information and belief, Defendant employs an automatic telephone dialing system ("ATDS") which meets the definition set forth in 47 U.S.C. § 227(a)(1).

31. Defendant or its agent/s contacted Plaintiff on Plaintiff's telephone number ending in "1753" via an ATDS as defined by 47 U.S.C. § 227(a)(1), as prohibited by 47 U.S.C. § 227(b)(1)(A).

32. There would be a short pause between the time the calls were answered and the time a live agent was introduced as a representative from Defendant.

33. Upon information and belief, based on the pause and lack of prompt human response during the phone calls, Defendant used an automated telephone dialing system or predictive dialing system to place calls to Plaintiff.

34. "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential

6

order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

35. Predictive dialing systems are a form of an automatic telephone dialing system.

36. Upon information and belief, the predictive dialing system employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

37. On or about June 14 and 17, 2017, Plaintiff instructed Defendant or its agents to not call Plaintiff's phone ever again, thereby revoking consent, if any ever existed, to be contacted by Defendant via telephone.

38. Moreover, Defendant did not have prior express consent to place any automated or prerecorded calls to Plaintiff at any time.

39. However, Defendant placed calls to Plaintiff's telephone without consent violation of the TCPA.

40. Plaintiff also suffered from an invasion of a legally protected interest by placing calls to Plaintiff's personal phone line when Defendant had no right to do so, resulting in an invasion of Plaintiff's right to privacy. The TCPA protects consumers from this precise behavior.

41. Plaintiff has a common law right to privacy. *E.g.*, Samuel D. Warren & Louis D. Brandeis, *The Right to Privacy*, 4 Harv. L. Rev. 1155, 193 (1890).

7

Congress sought to further protect that right by enacting the TCPA.

42. "[W]hen a person must endure the bother of unwanted calls in the privacy of her home, her harm is similar to other traditional injuries that courts have long recognized, such as invasion of privacy and nuisance." *Toldi v. Hyundai Capital Am.*, No. 2:16-CV—01877-APG-GWF, 2017 WL 736882, at *2 (D. Nev. Feb. 23, 2017).

43. Plaintiff was also personally affected, since Plaintiff felt her privacy had been invaded when Defendant placed calls to Plaintiff's phone line without any consent to do so.

44. The injury suffered by Plaintiff is concrete because Defendant's violations caused Plaintiff to suffer an invasion of privacy.

## COUNT I

### Violations of the FDCPA
### (15 U.S.C. § 1692 *et seq.*)

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. Defendant's conduct violated 15 U.S.C. § 1692d  in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

47. Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant

8

caused Plaintiff's phone to ring and/or engaged Plaintiff in telephone conversations repeatedly or continuously with the intent to annoy, abuse or harass Plaintiff in connection with the collection of a debt.

48. Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant attempted to collected a debt that no longer legally enforceable and was "time barred" under NRS 11.190.

49. Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt and attempted to humiliate and belittle Plaintiff.

50. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

51. Plaintiff is entitled to damages as a result of Defendant's violations.

52. Plaintiff has been required to retain the undersigned as counsel to protect his legal rights to prosecute this cause of action, and is therefore entitled to an award of reasonable attorneys' fees plus costs incurred.

## COUNT II

### Negligent Violations of the
### Telephone Consumer Protection Act,
### (47 U.S.C. § 227, *et seq.*)

53. Plaintiff repeats and realleges the above paragraphs of this Complaint

and incorporates them herein by reference.

54. Defendant negligently placed multiple automated calls to telephone numbers belonging to Plaintiff without Plaintiff's prior express consent.

55. Each of the aforementioned calls by Defendant constitutes a negligent violation of the TCPA.

56. As a result of Defendant's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

57. Additionally, Plaintiff is entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

## COUNT III

### Knowing and/or Willful Violations of the
### Telephone Consumer Protection Act,
### (47 U.S.C. § 227, *et seq.*)

58. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

59. Defendant knowingly and/or willfully placed multiple automated calls to cellular numbers belonging to Plaintiff without Plaintiff's prior express consent.

60. Each of the aforementioned calls by Defendant constitutes a knowing and/or willful violation of the TCPA.

61. As a result of Defendant's knowing and/or willful violations of the

TCPA, Plaintiff is entitled to an award of treble damages up to $1,500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

62. Additionally, Plaintiff is entitled to seek injunctive relief prohibiting such conduct by Defendant in the future.

## COUNT IV

### Invasion of Privacy by Intrusion upon Seclusion

63. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

64. As discussed above, Defendant and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of this Plaintiff, namely, by repeatedly and unlawfully harassing Plaintiff through phone calls and emails to collect a debt even after she demanded such communications cease. Defendant thereby invaded Plaintiff's privacy.

65. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs.

66. The conduct of Defendant in engaging in the above-described harassing, annoying, and illegal collection communications against this Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant which occurred in a way

that would be highly offensive to a reasonable person in that position.

67. Indeed, Navient called Plaintiff dozens of times after she demanded calls cease, continued harassing her relatives by calling them to demand payment of her debt and called other 3rd parties to shame and induce Plaintiff into repaying the Debt. Such conduct was invasive and highly offensive of Plaintiff's coveted right of privacy.

68. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant awarding Plaintiff:

1. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

2. Statutory damages of $500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

3. Treble damages of up to $1,500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C);

4. Actual damages including, but not limited to, the emotional distress Plaintiff has suffered (and continues to suffer) as a result of the intentional, reckless, and/or negligent FDCPA violations pursuant to

15 U.S.C. § 1692k(a)(1);

5.  Statutory damages of $1,000.00 pursuant to 15 U.S.C.

    §1692k(a)(2)(A);

6.  Punitive damages;

7.  An award of attorney's fees and costs to counsel for Plaintiff; and

8.  Such other relief as the Court deems just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: September 17, 2018

Respectfully submitted,

By  /s/David H. Krieger, Esq.

David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Avenue, Suite 350
Henderson, Nevada 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Attorney for Plaintiff
*GRACE QUINN*